**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE BOARD OF TRUSTEES OF THE LOCAL 295– IBT EMPLOYER GROUP WELFARE FUND and THE LOCAL 295- IBT EMPLOYER GROUP WELFARE FUND,

Plaintiffs,

-against-

SHEA TRUCKING,

Defendant.

ECF

18-CV-

## COMPLAINT

Plaintiffs, the Board of Trustees of the Local 295–IBT Employer Group Welfare Fund and the Local 295-IBT Employer Group Welfare Fund (the "Welfare Fund") by their attorneys, Cary Kane LLP, respectfully allege as follows:

### Nature of the Action

1. This is an action brought by the fiduciaries of an employee benefit fund to collect unpaid contributions from Shea Trucking ("Shea") in accordance with plan documents and Sections 502 and 515 and of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. §§ 1132.

3. Venue properly lies in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(2), because the Welfare Fund is administered in this district.

The Parties

4. The Welfare Fund is a multiemployer "employee benefit plan", as defined by Section 3(3) of ERISA, 29 U.S.C. §§ 1002(3). It is administered at 60 Broad Street, 37th Floor, New York, New York 10004. At all times material hereto, the plaintiff Board of Trustees has been the plan sponsor and fiduciary of the Welfare Fund.

5. At all times material hereto, Shea was an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. §§ 1002(5), with offices located at 1600 New Highway, Farmingdale, New York 11735. As Shea is a corporation, is it not an infant, incompetent or in the military service.

Relevant Facts

6. At all times material hereto, Shea was a party to collective bargaining agreements ("CBAs") with IBT Local Union No. 295 (the "Union"), which provided the terms and conditions of employment for employees of Shea represented by the Union (the "Employees").

7. The CBAs obligated Shea to contribute specified amounts to the Welfare Fund in order to provide benefits to the Employees.

8. In or about October 2012, Shea stopped paying contributions to the Welfare Fund despite its obligation under the CBA to contribute for the Employees.

9. The Welfare Fund demanded payment of the contributions owed by Shea numerous times between January 2013 and February 20, 2014.

10. Shea paid some of the contributions owed to the Fund.

11. In light of Shea's continued delinquencies, the Welfare Fund terminated Shea as a participating employer effective July 31, 2014.

12. In or about August 2014, the Welfare Fund and Shea agreed to resolve Shea's debt through a payment plan. Shea agreed to repay the Welfare Fund the $443,498 in contributions it owed (the "Welfare Debt") in installments of $6,000 per month.

13. The Welfare Fund, the Union and Shea also agreed that, going forward, the Employees would be enrolled in a health plan provided through a different, unrelated fund.

14. Because Shea ceased participating in the Welfare Fund, it incurred no further obligations to the Welfare Fund after July 31, 2014. However, Shea remained liable to the Welfare Fund for the contributions accrued through July 31, 2014.

15. Between September 2, 2014 and September 2, 2016, Shea made 11 payments to the Welfare Fund, totaling $101,500, towards the Welfare Debt.

16. Despite due demand, Shea has made no payments towards the Welfare Debt since September 2, 2016.

17. The unpaid balance of the Welfare Debt totals $341,998.

18. The Trust Agreement under which the Welfare Fund is established and maintained (the "Trust") provides that a delinquent Employer shall be liable to the Welfare Fund for the costs of collecting all delinquencies and for interest on the delinquencies calculated at a rate equal to 5% above the prime rate in effect on the date the delinquencies were due.

19. The Trust also provides that any judgment in favor of the Welfare Fund and against an Employer shall include the contributions due, interest at a rate equal to 5% above the prime rate in effect on the date the delinquencies were due, liquidated damages equal to the greater of 20% of the contributions due or the interest due, attorneys' fees and legal costs.

As and for a First Cause of Action

20. Plaintiffs restate and incorporate by reference each and every allegation of Paragraphs 1 through 19 above.

21. In accordance with the plan documents and applicable law, Shea is obligated to pay the Welfare Debt.

22. Shea has failed to pay the Welfare Debt and is liable to the Welfare Fund for these monies.

23. In accordance with the plan documents and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Shea is also liable to the Welfare Fund for interest calculated at a rate equal to 5% above the prime rate in effect on the date the delinquencies were due, plus liquidated damages equal to the greater of 20% of the contributions due or the interest due, plus attorneys' fees and legal costs.

Prayer for Relief

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against Defendant Shea Trucking., and more particularly that the Court grant the Plaintiffs the following relief:

(a) That Shea pay the Welfare Fund $341,998 in contributions owed by Shea to the Fund; and

(b) That Shea pay interest on the unpaid contributions at a rate equal to 5% above the prime rate in effect on the date the contributions were due; and

(c) That Shea pay liquidated damages to the Welfare Fund in an amount equal to the greater of 20% of the contributions due to the Fund or the interest assessed on the contributions due; and

(d) That Shea pay the legal costs and attorneys' fees incurred by the Welfare Fund in this action; and

(e) For such other and further relief as the Court may deem just and proper.

Dated: New York, New York

February 2, 2018

CARY KANE LLP

By: Susan Bruno
Susan Bruno

1350 Broadway, Suite 1400
New York, New York 10018
T: (212) 868-6300

*Attorneys for Plaintiffs*